FILED
2/25/2021 3:57 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

4 CIT/ESERVE

CAUSE NO. DC-21-02480

| | | |
|---|---|---|
| CHERMIN LEE; AND LAMARCUS BELL; | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| VS. | § § | DALLAS COUNTY, TEXAS |
| JODY VENTIMIGLIA A/K/A JODY VENTIMIGLIA, III; CATAWBA RENTAL COMPANY, INCORPORATED; CABLE TRANSPORT, INC.; AND COMMSCOPE, INC.; | § § § § § § § | |
| Defendants. | § § | 68th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

Plaintiffs Chermin Lee and Lamarcus Bell file Plaintiffs' Original Petition complaining of Defendants Jody Ventimiglia A/K/A Jody Ventimiglia, III, Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief of over $1,000,000. The amount of monetary relief actually awarded, however, will

ultimately be determined by a jury. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Chermin Lee is an individual resident of Mansfield, Tarrant County, Texas. Her driver's license number is *****014 and her social security number is ***-**-*034.

Plaintiff Lamarcus A. Bell is an individual resident of Arlington, Tarrant County, Texas. His social security number is ***-**-*808.

Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III is an individual resident of North Carolina. Defendant may be served with process at 1772 Wesley Road, Morgantown, North Carolina 28655.

Defendant Catawba Rental Company, Incorporated is a North Carolina corporation. Defendant may be served with process through its registered agent, Meredith Priestley, 3350 N. Oxford Street, Claremont, North Carolina 28610.

Defendant Cable Transport, Inc. is a North Carolina corporation. Defendant may be served with process through its registered agent, United Agent Group Inc. at 15720 Brixham Hill Avenue, #300, Charlotte, North Carolina 28277.

Defendant Commscope, Inc. is a Delaware corporation. Defendant may be served with process through its registered agent, United Agent Group Inc. at 3411 Silverside Road, Tatnall Building #104, Wilmington, Delaware 19810.

EXHIBIT B-1

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V. FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Friday, October 4, 2019 on the service road of Highway 360 near Avenue K within the city limits of Grand Prairie, Dallas County, Texas. Plaintiff Chermin Lee was operating her vehicle southbound on the service road of Highway 360 in the middle lane. Plaintiff Lamarcus Bell was a passenger in her vehicle. Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III was operating his 18-wheeler southbound exiting Highway 360. Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III failed to yield the right-of-way and made an unsafe lane change into Plaintiffs' lane colliding hard with the driver's side of Plaintiffs' vehicle. As a result of the collision, Plaintiffs were injured and continue to suffer injuries and damages from this incident.

## VI. CAUSES OF ACTION

### A. NEGLIGENCE – JODY VENTIMIGLIA A/K/A JODY VENTIMIGLIA, III

At the time of the motor vehicle collision, Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III was operating his 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant changed lanes when unsafe to do so;

3. Defendant failed to drive in a single lane;

4. Defendant failed to keep an assured safe distance from Plaintiffs' vehicle;

5. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

6. Defendant failed to operate his 18-wheeler at a safe speed; and

7. Defendant failed to yield the right-of-way.

### B. NEGLIGENT ENTRUSTMENT – DEFENDANTS CATAWBA RENTAL COMPANY, INCORPORATED, CABLE TRANSPORT, INC., AND COMMSCOPE, INC.

As an additional cause of action, Plaintiffs would show that at the time and on the occasion in question, Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc. were the owners of the vehicle driven by Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III. Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and

Commscope, Inc. entrusted the vehicle to Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III. Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III was unlicensed, incompetent, and/or reckless and Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc. knew or should have known that Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III was unlicensed, incompetent, and/or reckless. Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III's negligence on the occasion in question proximately caused the collision.

### C. RESPONDEAT SUPERIOR – DEFENDANTS CATAWBA RENTAL COMPANY, INCORPORATED, CABLE TRANSPORT, INC., AND COMMSCOPE, INC.

Additionally, Plaintiffs would show that at the time and on the occasion complained of, Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III was in the course and scope of his employment with Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc. thereby making Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc. liable under the doctrine of *Respondeat Superior*.

### D. NEGLIGENCE – DEFENDANTS CATAWBA RENTAL COMPANY, INCORPORATED, CABLE TRANSPORT, INC., AND COMMSCOPE, INC.

Defendants Catawba Rental Company, Incorporated, Cable Transport, Inc., and Commscope, Inc. failed to properly train and/or supervise Defendant Jody Ventimiglia a/k/a Jody Ventimiglia, III in order to prevent such collision.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiffs.

## VII. DAMAGES

As a proximate result of Defendants' negligence, Plaintiffs suffered extensive injuries and damages. As a result of Plaintiffs' injuries, Plaintiffs suffered the following damages:

a. Medical expenses in the past and future;

b. Plaintiffs' lost wages in the past and loss of earning capacity in the future;

c. Physical pain and suffering in the past and future;

d. Mental anguish in the past and future; and

e. Physical impairment in the past and future.

## VIII. INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiffs hereby give notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven per TRCP 193.7.

## IX. JURY TRIAL

Plaintiffs demand a trial by jury and include the appropriate jury fees.

## X. U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiffs intend to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI. RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiffs recover judgment against Defendants for:

1. Plaintiffs' past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;

2. Plaintiffs' future medical expenses;

3. Plaintiffs' lost wages in the past and loss of earning capacity in the future;

4. Plaintiffs' physical pain and suffering in the past and future in an amount to be determined by the jury;

5. Plaintiffs' mental anguish in the past and future in an amount to be determined by the jury;

6. Plaintiffs' physical impairment in the past and future in an amount to be determined by the jury;

7. Interest on the judgment at the legal rate from the date of judgment;

8. Pre-judgment interest on Plaintiffs' damages as allowed by law;

9. All costs of court; and

10. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**WITHERITE LAW GROUP, PLLC**

BY: /s/ *Rob Loar*
    **ROB LOAR**
    State Bar No. 24081007
    rob.loar@witheritelaw.com
    **SHELLY GRECO**
    State Bar No. 24008168
    shelly.greco@witheritelaw.com
    10440 N. Central Expressway
    Suite 400
    Dallas, TX 75231-2228
    214/378-6665
    214/378-6670 (fax)

    **ATTORNEYS FOR PLAINTIFFS**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Erica Lisenbe on behalf of Rob Loar
Bar No. 24081007
Erica.Lisenbe@witheritelaw.com
Envelope ID: 50926045
Status as of 2/26/2021 4:24 PM CST

Associated Case Party: CHERMIN LEE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Rob Loar | | Rob.Loar@witheritelaw.com | 2/25/2021 3:57:22 PM | SENT |

EXHIBIT B-1